Argued July 18, reversed for new trial November 21, 1978,
reconsideration denied January 9, review denied March 20, 1979

STATE OF OREGON, *Respondent,*
*v.*
RODNEY JOE JOHNSON, *Appellant.*
(Case No. 18-352, CA No. 9918)

586 P2d 811

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem, and David E. Groom, Law Clerk.

Gregory A. Parker, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction of rape in the first degree, ORS 163.375. The sole issue is whether defendant's statements made while in custody should have been suppressed. We reverse.

On August 27, 1977, the rape victim told the police she had been hitchhiking and was picked up by a man and subsequently raped. She gave a detailed description of the rapist and of the incident. Two days later, at approximately 5 p.m., a police officer arrested defendant and immediately advised him of his rights under *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966). After he was informed of the charge, defendant admitted he had picked up a female hitchhiker on the day in question but claimed he dropped her at a designated location without incident. The officer then took the defendant to the police station for the purposes of tape recording his statement. Upon their arrival at the station defendant indicated that he realized he was in serious trouble and should talk to a lawyer. He was accorded the use of a telephone and made several calls to attorneys. He was unsuccessful in contacting an attorney but did reach a recording device and left his name with the recording.

Defendant's last attempt to contact an attorney occurred at 6:35 p.m. After the final telephone call, while defendant and the officer were preparing to leave, the officer said:

> "You know that story you told me earlier wasn't the truth and it won't be hard to break down."

Defendant thought for a moment, admitted his original statement was not true and said: "Well, maybe I should tell you about it." The officer asked defendant to make any further statements on tape and defendant said: "Let me tell you about it first." He then admitted he had forced the victim to have sexual intercourse with him. The officer then activated the tape recorder, and again advised the defendant of his rights. The

defendant acknowledged he understood them and said he was willing to make a statement. He then repeated his version of the incident. The tape recorded statement was admitted over his objection.

Defendant was in custody, was properly advised of his *Miranda* rights and clearly asserted his right to counsel. The questions raised by this appeal are: (1) whether the police continued questioning after defendant asserted his right to counsel; (2) whether he waived the right to counsel and to remain silent; and (3) whether, assuming his unrecorded statement was improperly obtained, the later recorded statement, following advice of rights and a waiver of the right to remain silent, is nevertheless admissible.

Resolution of the first two questions must commence with *Miranda v. Arizona, supra.* The relevant portions of *Miranda* state:

> "Once warnings have been given, the subsequent procedure is clear. * * * If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to the police, they must respect his decision to remain silent.
>
> "* * * * *
>
> "If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived * * * his right to retained or appointed counsel * * *." 384 US at 473-75.

The dictates of *Miranda* are clear. The request for counsel is a bar to further police questioning unless the defendant affirmatively waives the previously asserted right. The trial court found, and the state here argues, that the statement of the officer was merely an expression of his opinion and was not interrogation. The officer's comment was directed at

the truthfulness of defendant's first statement and contained an implication the police had other evidence at variance with that statement. It was a resumption of interrogation as surely as if the officer had asked the defendant to explain the inconsistencies in his statement compared with the other evidence the police possessed. The interrogation, which is forbidden by *Miranda* after an accused requests counsel, is not limited to direct inquisitorial repartee, it includes the various approaches police have available to obtain an incriminating statement.

■ The evidence surrounding the taking of defendant's statement is undisputed. Although the court concluded it was not a resumption of questioning this was a legal conclusion based upon the settled facts and we are not bound to accept it. *See State v. Garrison,* 16 Or App 588, 519 P2d 1295, *rev den* (1974); *State v. Warner,* 284 Or 147, 585 P2d 681 (1978). Since we conclude the officer's statement was a continuation of interrogation contrary to *Miranda v. Arizona,* supra, the statement which followed should have been excluded.

The state argues defendant knowingly and intelligently waived his right to counsel and the subsequent statements were admissible. In *State v. Dyke,* 19 Or App 705, 528 P2d 1073 (1974), we summarized the rule regarding waiver:

"* * * The law does not prohibit him [the suspect] from changing his mind. * * * [T]he police are entitled to ask him if he has changed his mind, but * * * they cannot attempt to persuade him to do so and * * * they may not continue to question him after he claims his rights. * * *" 19 Or App at 710.

In *State v. Suggs,* 13 Or App 484, 511 P2d 405 (1973), the defendant requested an attorney. Instead of providing one the police attempted to persuade defendant to speak, with such statements as, "* * * unless you have something to hide, some information to keep from us, I can't see that it would be necessary for you to have an attorney * * *." We held the

subsequent statement defendant made to be inadmissible. In *State v. Garrison, supra,* we found that statements such as, "Is there anything you want to straighten with us first?" were improper when made after a defendant had requested an attorney. *See also State v. Paz,* 31 Or App 851, 572 P2d 1036 (1977), *rev den* (1978).

■ These cases illustrate that while a defendant may change his mind and waive his right to counsel the police are not permitted to persuade him to do so. They may simply inquire if he has decided to retract his request for counsel but they may not use subtle, coercive means to achieve a change of mind. *Brewer v. Williams,* 430 US 387, 97 S Ct 1232, 51 L Ed 2d 424 (1977); *State v. Paz, supra.*

■ In this case, the comment of the police officer, quoted above, was a suggestion to the defendant that he should "come clean" and explain the statement that he had just been told was a lie. Prior to this comment the officer made no effort at all to ascertain whether the defendant wished to relinquish the right to counsel. *See Brewer v. Williams, supra.* The defendant did not initiate the conversation or, in any other way, indicate he wished to talk to the officer. The officer's comments were exactly the type of police persuasion *Miranda* was designed to prevent. The state has a heavy burden to demonstrate that the defendant knowingly and intelligently waived his previously asserted right to counsel. *Miranda v. Arizona, supra.* The state has failed to demonstrate that the defendant's decision to make a statement was a knowing, intelligent waiver and not merely a response to the police officer's persuasion.

■ The state suggests the recorded statement which followed a complete advice of rights and a waiver of the right to remain silent by defendant is independently admissible. In *State v. Paz, supra,* we discussed the "fruits-of-the-poisonous-tree" doctrine as applied to successive confessions. We concluded the passage of

time between the two confessions, i.e., the one determined inadmissible and the subsequent one possibly tainted—and a change in the place of interrogation, were the most important factors in determining if the second confession was a product of a prior inadmissible statement. Applying those factors to this case we conclude the recorded statement offered in evidence was inadmissible. It followed, within a few minutes, the statement we conclude should have been excluded and was obtained in the same place by the same officer.

Reversed and remanded for new trial.

**LEE, J.,** dissenting.

On August 27, 1977, the prosecutrix, a hitchhiker, told the Oregon State Police that she had been raped. She gave a detailed description of the rapist and the incident. Two days later at approximately 5 p.m., Officer Cofer apprehended defendant and immediately advised him of his rights under *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR 3rd 974 (1966). Defendant acknowledged that he understood his rights and signed a "rights card." After he was informed of the charge, defendant admitted that he had picked up a hitchhiker on the day in question but claimed that he had dropped her off in Garibaldi without incident. Cofer took defendant to the Tillamook patrol office to put his statement on tape.

After arrival at the office, Cofer testified that defendant said that he realized that "he was in pretty serious trouble" and "[m]aybe he should talk to an attorney." Cofer then offered defendant the use of the phone and he placed several calls to attorneys. Defendant was unsuccessful in contacting an attorney but did reach one recording device and he left his name "with the recording." No restriction was placed on the number of calls defendant was allowed to make. Defendant's last attempt to call an attorney was made

at 6:35 p.m. While defendant and Cofer were "standing there getting ready to go," the officer said:

> "You know that story you told me earlier wasn't the truth and it won't be hard to break down."

Defendant then admitted that his original statement was not the truth and said, "Well, maybe I should tell you about it." Cofer asked defendant to make any further statement on tape and defendant said, "Let me tell you about it first."

Defendant then related that on August 27, 1977, he had picked up a hitchhiker and taken her to Pacific City, then to a spot out of town where they kissed. Defendant called her a tease and she hit him in the face with a clump of dirt after which he got angry and threatened her with a tire iron, threw her down, forced himself upon her, and had intercourse with her. Then Cofer *again advised defendant of his rights, which defendant acknowledged that he understood,* and thereafter, the second version of the incident was taped.

Defendant contends that Cofer's comment concerning his first statement, after he had expressed a desire to see an attorney, violated his rights under *Miranda v. Arizona, supra* at 473-75, which states:

> "* * * If the individual indicates in any manner, at anytime prior to or during questioning, that he wishes to remain silent, the *interrogation* must cease.
>
> "* * * * *
>
> "If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel * * *." (Citations omitted.) (Emphasis supplied.)

The *Miranda* rule has been followed in Oregon by proscribing police use of "less than subtle forms of inducement and persistent persuasion." *State v. Suggs,* 13 Or App 484, 490, 511 P2d 405 (1973). In that case,

despite defendant's requests for an attorney, police persisted in telling him that an attorney would not be necessary unless he had something to hide. Such attempts to persuade defendant not to see an attorney are improper. *State v. Paz,* 31 Or App 851, 572 P2d 1036 (1977), *rev den* 282 Or 189 (1978); *State v. Garrison,* 16 Or App 588, 519 P2d 1295, *rev den* (1974).

The instant case, however, is distinguishable in that the comment by Cofer did not attempt to persuade defendant to do anything. When defendant volunteered the second statement, Cofer listened to that version of what happened and then *again advised defendant of his Miranda rights before having defendant repeat it on tape.* Cofer's casual comment concerning the first explanation simply marked the point in time when defendant voluntarily abandoned his quest for an attorney and chose to give the second statement. *In effect, defendant voluntarily waived his right to counsel and to remain silent.*

I would find that the historical facts justify the trial court's finding that "defendant did change his mind" and voluntarily made the statements. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). *Cf. State v. Warner,* 284 Or 147, 585 P2d 681 (1978).

I would affirm, so I respectfully dissent.