Argued October 19, 1978, affirmed March 5, petition
for reconsideration denied May 16, 1979

# STATE OF OREGON, *Respondent*
## *v.*
# RICHARD LEE SINGLETON, *Appellant.*
## (No. 76-2322, CA 10080)

591 P2d 369

Marianne Oswald, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals his conviction of murder. He makes two assignments of error: (1) the denial of his motion to suppress statements made by him and evidence obtained as a result of those statements; and (2) the trial court's refusal to give to the jury defendant's requested instructions on the crime of assault.

There is a conflict of evidence as to the facts surrounding the statements made by the defendant. Under *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968), we assume as true the facts as the trial court found them to be.

Defendant was arrested in the late afternoon of October 26, 1976, and was advised of his *Miranda*[1] rights at that time. He was not questioned until an hour later in the sheriff's office and then only after he had again been advised of his *Miranda* rights. About an hour after the questioning began defendant stated that he wished to talk to his attorney prior to making any statements. This occurred shortly before 7 p.m. At that point an officer asked defendant whether they could return the following morning and discuss the case further. The defendant answered, "yes, that would be fine." Thereupon defendant was taken to a cell and no further conversation ensued that night between him and the police concerning his involvement in any crime.

At about 8:30 the next morning the two officers returned and asked defendant if he had contacted his attorney. He said "no." The officers then asked defendant if he would like to go downstairs and discuss the case. The defendant replied that he did not have anything to say, but he was willing to listen. He was then again advised of his *Miranda* rights and defendant then signed a card acknowledging those rights and giving police permission to search his residence and vehicle. Before 9:00 that morning

---

[1] *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966).

defendant agreed to make a videotaped statement, which he did. The videotape commences with an officer again reading the defendant his *Miranda* rights.

■■ As we pointed out in *State v. Johnson*, 37 Or App 209, 586 P2d 811 (1978), while the police may not use subtle, coercive means to achieve a change of mind when a defendant has requested to see an attorney before talking further, they are not prohibited from simply inquiring whether he has changed his mind. *See also Brewer v. Williams*, 430 US 387, 97 S Ct 1232, 51 L Ed 424 (1977), and *State v. Dyke*, 19 Or App 705, 528 P2d 1073 (1974). The simple question put to defendant some 13-1/2 hours after he had stated his desire to consult with counsel, "would you like to discuss the case again," was no more designed to persuade than asking whether he had changed his mind. The defendant's response that he did not have anything to say but was willing to listen was the equivalent of an affirmative answer. The police here did not exceed the limitations placed upon them by the cases cited above.

■ The trial court did not err in refusing to give defendant's requested instructions on assault. It is undisputed that the victim died of his wounds inflicted by defendant. The trial judge instructed on all the lesser degrees of criminal homicide. The evidence did not warrant instructions on assault. *State v. Washington*, 273 Or 829, 543 P2d 1058 (1975).

Affirmed.