Argued and submitted January 22, conviction affirmed; sentence vacated and cause remanded for resentencing April 26, 1982

STATE OF OREGON,
*Respondent,*

*v.*

GARY ALLEN SMITH,
*Appellant.*

(No. 43506, CA A20372)

643 P2d 1321

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Richardson and Warden, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his conviction of felony murder, contending that the trial court erred in denying his motion to suppress statements he made to police officers after his initial request for an attorney, *Edwards v. Arizona,* 451 US 477, 101 S Ct 1880, 68 L Ed 2d 378 (1981), and in imposing a 25-year minimum sentence pursuant to ORS 163.115(5).

■ Defendant, although relying on *Edwards,* disclaims any contention that his statements resulted from police interrogation after he requested an attorney. Rather, his "primary reliance" is on the proposition that the seeds of his initial confession were planted by the police officers when they indicated to him that confession was good for the soul, *see Brewer v. Williams,* 430 US 387, 97 S Ct 1232, 51 L Ed 2d 424 (1977), and that his subsequent statements were the "fruit of the poisonous tree." *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963).

At the conclusion of the suppression hearing, the trial court made extensive, detailed findings of fact. Without reciting those findings, it is sufficient to point out that the trial court found defendant's initial confession was made during a conversation initiated by him after he had talked with his girlfriend and a codefendant, each of whom advised defendant to tell the truth and to "get it off his chest," and that subsequent statements were volunteered by defendant. The trial court findings are supported by the evidence,[1] and we may not re-examine them on appeal. *State v. Warner,* 284 Or 147, 585 P2d 681 (1978); *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

On the basis of those findings, we agree with the trial court's conclusion that the state sustained its burden of proving that defendant freely and voluntarily waived his right to have counsel present, that all of his statements were voluntarily given and that there was no "poisonous tree" to taint statements given following his initial

---

[1] Defendant points to only a portion of one factual finding which is not supported by the evidence, but that erroneous finding is not material to the conclusion that defendant initiated the conversation with the officers on August 23, 1980, and freely and voluntarily waived his right to have counsel present.

incriminatory statement. *State v. Warner, supra.* The conviction is affirmed.

However, the trial court improperly imposed, as part of defendant's life sentence, a 25-year mandatory minimum term of incarceration. *State v. Shumway,* 291 Or 153, 630 P2d 796 (1981). Accordingly, the sentence is vacated and the cause remanded for resentencing.