Argued and submitted April 23, affirmed;
remanded for resentencing August 4, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# GARY ALLEN SMITH,
*Appellant.*

## (No. C 80-08-32888, CA A20290)

648 P2d 1294

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant seeks reversal of his convictions for murder and burglary. He contends that the trial court erred in (1) refusing to grant a change of venue, (2) denying his motion to suppress statements made to police, (3) admitting "gruesome" photographs of the victim and (4) imposing a 25-year minimum sentence. We affirm the convictions and remand for resentencing.

The charges involved in this case stem from the August, 1980, slaying of a Portland woman. Defendant became a suspect in this and several other Oregon and Washington murders after he and two other individuals were arrested in connection with a Washington County kidnapping and murder. There was substantial publicity surrounding all of these events, particularly the kidnapping and eventual discovery of the young Washington County victim. Defendant eventually made statements to police regarding his involvement in the murders. He was convicted in this case after a jury trial of murder, felony murder and first degree burglary; he was sentenced only on the murder and burglary convictions.

Defendant's request for a change of venue was based on ORS 131.355:

"The court, upon motion of the defendant, shall order the place of trial to be changed to another county if the court is satisfied that there exists in the county where the action is commenced so great a prejudice against the defendant that he cannot obtain a fair and impartial trial."

A motion for a change of venue under ORS 131.355 is addressed to the sound discretion of the trial court. *State v. Little,* 249 Or 297, 431 P2d 810, *cert den* 390 US 955 (1968); *State v. Schroeder,* 55 Or App 932, 640 P2d 688, *rev den* 293 Or 373 (1982). The trial court should grant a change of venue "where there is a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial." *State v. Herrera,* 32 Or App 397, 402, 574 P2d 1130, *rev'd on other grounds,* 286 Or 349, 594 P2d 823 (1978). In conjunction with his motion for change of venue defendant submitted photocopies of numerous newspaper articles published between August 12 and September 20, 1980. The trial

of this case began on December 1, 1980. Most of the articles submitted by defendant concerned the Washington County case, but several related to this and other murders for which defendant was being investigated. After reviewing those newspaper articles, we are satisfied that the trial judge did not abuse his discretion in denying a change of venue. The publicity was removed in time from defendant's trial and was not of the nature that would prevent a fair trial in this case.

■ We turn to the motion to suppress issue. In *State v. Smith*, 57 Or App 90, 643 P2d 1321 (1982), this court held that defendant's statements regarding the Washington County case were voluntarily given. The statements defendant seeks to suppress here were made immediately after those statements. Defendant does not contend that there was any intervening illegal action or coercion by police. Therefore, we hold that the trial court here properly denied defendant's motion to suppress.

At trial, defendant objected to admission of five photographs of the victim, who had been beaten and strangled. The trial court excluded one of the photographs as cumulative. Two of the remaining pictures were taken at the victim's home and were identified as depicting the victim as she was found. The other two pictures were taken before the autopsy after the victim's head had been shaved to show the location of the blows which caused her death. They were used by the Deputy Medical Examiner in explaining the victim's injuries to the jury.

Defendant offered to stipulate to the identity of the victim and to the position of her body in the house and claimed that with that stipulation the prejudical effect of the photographs outweighed their probative value. The trial court ruled that the photographs were relevant to the issue of intent and that their probative value outweighed the danger of prejudice. *See State v. Freeman*, 232 Or 267, 374 P2d 453 (1962); *State v. Reams*, 47 Or App 907, 616 P2d 498 (1980), *aff'd* 292 Or 1, 636 P2d 913 (1981).

■ Defendant relies on *State v. McKendall*, 36 Or App 187, 584 P2d 316 (1978), in which this court indicated that where

"* * * a defendant offers to stipulate to a fact, proof of the fact would be prejudicial to the defendant, and the evidence offered in proof is not probative of any issue other than that which the stipulation addresses, the evidence is inadmissible. * * *." 36 Or App at 198.

In *McKendall,* however, the defendant was charged as an accomplice and was not alleged to have been present when the murder took place. The court held that the photographs and any other evidence concerning the fact and cause of the victim's death were irrelevant, because the defendant stipulated to the fact that the victim had been murdered. The case is quite different. Here defendant was charged with murder. Defendant pleaded not guilty, and the state was required to prove every element of the offense. We agree with the trial court that the photographs were relevant to proof of intent to kill—a matter not covered in the stipulation. *See State v. Armstrong,* 38 Or App 219, 589 P2d 1174 (1979). The trial court did not abuse its discretion in admitting the photographs.

■      The state concedes that the 25-year minimum sentence ordered by the court is impermissible under *State v. Shumway,* 291 Or 153, 630 P2d 796 (1981).

Convictions affirmed; remanded for resentencing.