Submitted on record and briefs April 1, affirmed July 17, 1968

OSBORN LEE BALL, *Appellant, v.*
GLADDEN, *Respondent.*
443 P. 2d 621

Louise Jayne, Portland, for appellant.

Robert Y. Thornton, Attorney General and Helen B. Kalil, Assistant Attorney General, Salem, for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Petitioner filed a post-conviction relief proceeding to set aside his conviction of second degree murder for killing his wife. He appeals from a judgment, rendered after a hearing, which denied him relief and dismissed his petition.

At petitioner's trial for murder the chief of police of Chiloquin testified that defendant admitted to him that he shot his wife. It is petitioner's claim that his federal constitutional right of due process was violated because his admission was coerced. This is a pre-*Escobedo*[1] and *Miranda*[2] case, the petitioner's conviction having occurred in 1957.

---

[1] Escobedo v. Illinois, 378 US 478, 84 S Ct 1758, 12 L ed2d 977 (1964).

[2] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L ed2d 694, 10 ALR3d 974 (1966).

It has been called to the court's attention in this case and another presently pending before it,[9] that the scope of review by this court of questions concerning voluntariness of admissions and confessions has not always been consistent. As a result, it would appear appropriate to discuss in some detail what we consider our proper scope of review of questions concerning the voluntariness of admissions and confessions.

What actually transpired is a question of fact for the trial court or jury. If the evidence sustains such historical factual findings they will not be disturbed by this court. If findings are not made on all such facts, and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the ultimate conclusion, e.g., voluntariness or lack thereof, made by the trial court or jury. Whether these historical facts as found are sufficient to sustain a finding of voluntariness which meets state and federal constitutional concepts of due process is another question, and one which falls within our proper scope of appellate review. The federal court also exercises this scope of review. *Clewis v. Texas,* 386 US 707, 87 S Ct 1338, 18 L ed2d 423, 426 (1967); *Davis v. North Carolina,* 384 US 737, 86 S Ct 1761, 16 L ed2d 895, 898-899 (1966); *Haynes v. Washington,* 373 US 503, 83 S Ct 1336, 10 L ed2d 513, 522 (1963); *Culombe v. Connecticut,* 367 US 568, 81 S Ct 1860, 6 L ed2d 1037, 1058-1059 (1961). In other words, we are not bound by a trial judge or jury's finding of voluntariness if we believe the historical facts upon which such finding is based are insufficient to meet constitutional stand-

[9] Miotke v. Gladden, 250 Or 466, 443 P2d 617 (1968) decided this day.

ards of due process. This is pursuant to our duty to interpret constitutional standards and require conformance thereto.

We will now analyze the historical facts to see if they are sufficient to justify the trial court's finding of voluntariness. All matters upon which the evidence is in dispute are recounted as if found in a manner favorable to the trial court's finding of voluntariness unless the trial court found them otherwise. Added to these are the matters upon which the evidence is undisputed or of which the court can take judicial notice.

At the time of the alleged crime petitioner was 51 years of age and possessed a fifth grade education. After the shooting he was taken into custody at his home late in the afternoon or early evening by the chief of police of Chiloquin, a small community in a thinly populated part of the state. He was taken to the city jail and then permitted to go outside alone to get some air. He walked unattended around the block and came back to the jail when summoned for the purpose of being told that his wife had died from her wounds. Later in the evening he was questioned about two hours by the chief of police, the district attorney and a deputy sheriff. They told petitioner that he did not have to answer questions and that he was entitled to the advice of counsel. Petitioner asked for a lawyer and was told that he could have one when he got to Klamath Falls, the county seat. He made no admission at this time.

After spending the night in jail he was again questioned by the chief of police at 8:45 the next morning. The officer did not abuse him and he was unafraid. After a very few minutes of questioning he admitted he shot his wife. Thereafter petitioner was taken to

breakfast and to a doctor who gave him some shots for his arthritis. Petitioner did not appear to be ill. He was then taken to the county seat at about 10 a.m.

■ We find that the historical facts justify the trial court's finding of voluntariness and that they did not justify a conclusion that the petitioner was treated unfairly or not in accordance with the requirements of due process as it was then envisioned. We therefore conclude that the post-conviction court's finding was correct.

Petitioner also claims that the court erred in failing to set aside his conviction because at the time of his detention he was not taken before a magistrate without delay in accordance with ORS 133.550. In effect, petitioner contends that the admission of evidence of his confession was a deprivation of Fifth and Sixth Amendment constitutional rights because it was purportedly taken during the delay in his appearance before a magistrate.

■ Petitioner was taken into custody in the late afternoon or evening and lodged in jail in Chiloquin overnight. His purported confession was given the first thing the next morning prior to being transported to the county seat at Klamath Falls. While he was not taken before a magistrate until much later, the delay was not the cause of the confession. In the normal course of events he would not have appeared before the magistrate to be advised of his rights prior to early the next morning when the admission was made.

The judgment of the trial court is affirmed.