Argued August 20, affirmed September 10, reconsideration
denied October 15, petition for review allowed November 12, 1975

## STATE OF OREGON, *Respondent, v.* CARL RAY MATHIASON (No. 5838), *Appellant.*

539 P2d 1122

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

Defendant, having been convicted of burglary in the first degree, contends that the court erred in overruling defendant's motion to suppress his statements to the police because his original admission was the result of custodial interrogation not preceded by advice of his *Miranda* rights. We find no error.

Defendant came voluntarily to the police station at the request of the state trooper. He was free to leave at any time. The mere fact that a suspect is questioned in a police station or in a police car does not necessarily mean that he is being subjected to custodial interrogation. *Freije v. United States,* 408 F2d 100, 102 (1st Cir), *cert denied* 396 US 859 (1969); *State v. Travis,* 250 Or 213, 441 P2d 597 (1968); *State ex rel Juv. Dept. v. Brown,* 19 Or App 427, 528 P2d 569 (1974), Sup Ct *rev denied, cert denied* 421 US 1003, 44 L Ed 2d 672 (1975). The historical facts set forth in the trial court's ruling are supported by the record and we regard them as settled. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

In the course of the interrogation which preceded defendant's admission the state trooper questioning defendant falsely told the defendant that his fingerprints had beeen found at the burglary scene. While

such information is relevant evidence going to the issue of voluntariness, it does not conclusively demonstrate lack of voluntariness. *Frazier v. Cupp,* 394 US 731, 739, 89 S Ct 1420, 22 L Ed 2d 684 (1969); *State v. Oakes,* 19 Or App 284, 527 P2d 418 (1974).

Affirmed.