Argued July 27, affirmed August 16, reconsideration denied September 15, petition for review denied October 19, 1976

STATE OF OREGON, *Respondent,*
*v.*
GARY ARTHUR DEWS, *Appellant.*
(No. 1390, CA 6152)
552 P2d 1340

*William J. Howe, III,* Portland, argued the cause for appellant. With him on the brief were Howe & Humphrey, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

[ 527 ]

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted by a jury of rape in the first degree. He appeals contending first that the trial court erred in denying his motion for mistrial based on contact and possible communication between one juror and a court reporter who had tape recorded and transcribed the testimony at the preliminary hearing in the same case. The contact occurred during a noon recess of the trial. In his second assignment defendant contends that the court erred in denying defendant's motion for judgment of acquittal based on the state's asserted failure to prove that the prosecutrix manifested sufficient resistance.

On defendant's first point, we note at the outset that just prior to the recess the trial judge admonished the jury "not to discuss this case with anyone or to permit any person to discuss it with you."

The record establishes that as soon as the trial judge was advised that the juror and the court reporter had taken lunch together he made immediate inquiry into the matter. The court's inquiry established that nothing prejudicial to the defendant transpired while the juror and the court reporter were together. The court reporter stated both informally and under oath that they had not discussed the case and had only talked about other things of mutual interest. Although the juror was not questioned, defendant's trial counsel informed the judge that he had no reason to question the court reporter's veracity and did not request that the juror be questioned. At no time has the defendant ever made a showing that the two women had discussed the case. We conclude that the evidence supports the trial judge's finding that there had been no misconduct which could have affected the jury deliberations to defendant's prejudice. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). We can find no basis for defendant's claim in connection with the incident.

Lastly, we conclude after our examination of the record that defendant's contention concerning the

asserted failure of the state to prove "earnest resistance" on the part of the prosecutrix cannot be sustained. There is ample evidence from which the jury could conclude that the prosecutrix's will to resist was overborne by defendant. *Accord: State v. Forsyth,* 20 Or App 624, 533 P2d 176, Sup Ct *review denied* (1975). No purpose would be served by detailing the evidence.

Affirmed.