Argued and submitted January 12, reversed and remanded for trial
March 2, reconsideration denied April 14, petition for review allowed
May 17, 1983 (295 Or 31)
See 296 Or 430, 677 P2d 21 (1984)

STATE OF OREGON,
*Appellant,*

*v.*

DARYL SCOTT JACKSON,
*Respondent.*

(10-81-11077, 10-81-02508;
CA A24955, A24956)
(Cases consolidated)

660 P2d 183

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Robert J. McCrea, Eugene, argued the cause for respondent. With him on the brief was Morrow, McCrea & Divita, P.C., Eugene.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals an order suppressing all evidence seized from defendant's van after a lawful stop for a traffic violation. The issue is whether the officer's conduct after the stop exceeded the permissible scope of an investigation incident to a traffic stop. We reverse.

A police officer stopped defendant when he saw him driving a van the wrong way on a one way street. When asked, defendant produced his driver's license and vehicle registration. The trial court found that the officer had returned to his patrol car and then "resumed contact with Defendant * * *. For some reason the officer then proceeded from the driver's side around the front of the van to the passenger side." The trial court found that the officer had shined a flashlight into the window of the van's sliding door on the passenger side and had seen two open beer cans.[1] Believing that defendant might have violated the open container law, ORS 487.843, the officer had entered the van to look at the cans. Thereafter he discovered contraband and other evidence.

The trial court suppressed all the evidence seized on the ground that the officer's act of walking to the passenger side and looking in the window was unlawful under *State v. Carter/Dawson*, 34 Or App 21, 578 P2d 790 (1978), *aff'd* 287 Or 479, 600 P2d 873 (1979). Defendant argues that the trial court correctly suppressed the evidence, because it was found as the result of investigation unrelated to the reason for the traffic stop. The state contends that the trial court was mistaken in its application of *Carter/Dawson* to the facts of this case.

In *Carter/Dawson*, the police stopped a car for speeding. After examining the licenses of the car's occupants and running a "records check" on the car, the officer asked questions about what was in the car, asked permission to look in and doing so without permission saw

---

[1] As the state describes the events, the officer had passed by the passenger side on his way back to the patrol car to get his citation book and could not remember whether he had used a flashlight or not. The trial court found that he had used a flashlight and did not state whether he was on his way to the patrol car. It is not necessary for the purposes of this opinion to consider whether, under *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968), the record supports the trial court findings, because it would not affect our disposition of the case.

marijuana and related paraphernalia. We concluded that such an investigation after the records check was unlawfully intrusive. We said:

"The constitutional and statutory law[2] blends into a single rule: Traffic stops should be the minimum possible intrusion on Oregon motorists, and not an excuse to begin questioning, searching or investigating that is unrelated to the traffic reason for the stop.

"* * * * *

"Simply stated, when the 'records check' came back 'clear,' Officer Miller could do no more than write a citation and send defendants on their way. He could not begin questioning or an investigation that had nothing to do with the objective reason for the stop (speeding). If he did so, the officer extended the duration of the stop without legally sufficient articulated cause." 34 Or App at 32-33.

Our point was

"* * * to prevent every traffic stop from becoming a possible excuse for a general investigatory detention. Otherwise, every motorist stopped for a traffic offense could be detained and asked questions such as: 'What were you doing last Saturday evening?' * * *" 34 Or App at 33.

The officer's actions here were not sufficiently intrusive to bring them into the range of those prohibited under *Carter/Dawson.* Although it is not defendant's primary argument, he suggests that the actions were unlawful because they extended the duration of the stop. Defendant notes that it probably took less time to ask the questions found unlawful in *State v. Wight,* 48 Or App 731, 617 P2d 928 (1980), than to walk to the passenger side of the van and look in. Nonetheless we consider any extension of time here to be de minimis. *See State v. Zimmerlee,* 45 Or App 107, 607 P2d 782, *rev den* 289 Or 71 (1980). Further, unlike both *Carter/Dawson* and *Wight,* the officer

---

[2] ORS 131.615 provides:

"(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry.

"(2) The detention and inquiry shall be conducted in the vicinity of the stop and for no longer than a reasonable time.

"(3) The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

here did not extend the traffic stop by *questioning* defendant about unrelated matters. *See also State v. Perry,* 39 Or App 37, 591 P2d 379 (1979).

Defendant's primary argument seems to be that *anything* that could be termed an "investigation" unrelated to the offense for which defendant was stopped is unlawful under *Carter/Dawson.*[3] Although we used the word "investigation" in that opinion, we are not willing to extend *Carter/Dawson* to prohibit the officer's actions here. We agree with the state that "* * * the holding of that case does not require a police officer to confine himself to the bare minimum of activities necessary to issue a traffic citation." Therefore the evidence was improperly suppressed.

Because the trial court suppressed all the evidence obtained as the result of what it considered to be an unlawful investigation, other issues raised by defendant concerning the admissibility of the evidence were never addressed, and related factual disputes were not resolved. We do not reach those matters.

Reversed and remanded for trial.

---

[3] Defendant does not rely on the fact that a flashlight was used, nor does he contend that the officer's action was a "search."