Argued and submitted December 20, 1984, reversed and remanded February 20, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# BILLY TOM MOORE,
*Appellant.*

(27395; CA A30449)

695 P2d 936

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals[1] his conviction for theft in the first degree, ORS 164.055, on the ground that the trial court erred in admitting statements he made to the police after he asked for an attorney.[2] We reverse and remand for a new trial.

La Grande police officers picked up defendant at his mother's house on January 14, 1982, and took him to the city police station for questioning concerning the theft of some guns from a hardware store. Although defendant was not formally arrested at that time, he and the state agree that he was in police custody. He received appropriate *Miranda* warnings. He was formally arrested that evening and booked at the Union County jail. According to his testimony, both before and after the booking he told the officers that he wanted to talk to an attorney. The trial court disbelieved defendant and accepted the testimony of the officers that he had not made any request to them. We are bound by those factual findings. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

The only other evidence of defendant's desire for an attorney is the jail log, which has the following entry at 7:41 p.m., about an hour after the booking: "MOORE, W. MADE CALL TO MOM TO GET ATTY. CONTACT MADE."[3] The issue is whether defendant's call to his mother to try to get an

---

[1] Defendant's trial attorney failed to perfect an appeal of his conviction within the statutory period, despite defendant's request that he do so. Defendant thereafter brought a post-conviction case on the ground of inadequate assistance of counsel and won the right to this delayed appeal.

[1] Defendant's trial attorney failed to perfect an appeal of his conviction within the statutory period, despite defendant's request that he do so. Defendant thereafter brought a post-conviction case on the ground of inadequate assistance of counsel and won the right to this delayed appeal.

[2] While defendant relies on Article I, section 12, of the Oregon Constitution, both his brief and that of the state treat the problem as though the relevant analysis were the same under either the state or the federal constitution. In the absence an articulated argument from defendant to the contrary, we assume—for the purposes of this case—that the analysis would be the same.

[3] Defendant testified that his mother's phone was busy and so he was unable to reach her. The trial court accepted the log as accurate. The court stated,

"[I]t would appear from reviewing the log that the defendant was given a right to make a call, that he was not denied that request. Whether or not that was for purposes of getting an attorney is not clear, but I don't think it's critical."

In view of the burden of proof in cases of this kind, we disagree.

attorney prevents the state from meeting its heavy burden of showing that defendant knowingly and intelligently waived his right to counsel during interrogation.[4] *See North Carolina v. Butler,* 441 US 369, 99 S Ct 1755, 60 L Ed 2d 286 (1979); *Miranda v. Arizona,* 384 US 436, 444-45, 86 S Ct 1602, 16 L Ed 2d 694 (1966); *State v. Cox,* 47 Or App 1067, 1073, 615 P2d 1144 (1980). We hold that the state failed to meet its burden.

In *Miranda v. Arizona, supra,* the Supreme Court held that if a defendant "indicates *in any manner and at any stage of the process* that he wishes to consult with an attorney before speaking there can be no questioning." 384 US at 444. Defendant was in custody, charged with a crime. He called his mother to ask her to get him an attorney. We infer that he wanted legal advice on the custodial questioning he was then undergoing. He had a right to that advice as part of his right not to make compelled statements, and it is that right which the *Miranda* rules are designed to protect. We cannot say that the state has adequately shown that defendant knowingly and intelligently waived that right by answering subsequent questions. The trial court should have suppressed all statements which defendant made after 7:41 p.m., along with any fruits of those statements.[5]

Reversed and remanded for a new trial.[6]

---

[4] There is no evidence that the desk officer at the jail, a county deputy sheriff, told the city police officers questioning defendant about this call. However, his knowledge is imputed to them. *State v. Paz,* 31 Or App 851, 867, 572 P2d 1036 (1977), *rev den* 282 Or 189 (1978).

[5] The state relies on *State v. Sparklin,* 296 Or 85, 672 P2d 1182 (1983), in which the court held that a request for an attorney at arraignment was not an assertion of the right to be free of compelled self-incrimination. The court noted that a defendant is not confronted with an atmosphere of coercion at an arraignment, that no one seeks admissions at that time and that the request for an attorney is a matter of routine. A request for an attorney at an arraignment is thus very different from an expressed desire to talk to an attorney during custodial interrogation.

[6] Because we dispose of this case on waiver grounds, we need not address the defendant's contention—which is probably well taken—that the state has also failed to show he initiated the conversations with the police that led to the statements in question. *See State v. Barmon,* 67 Or App 369, 679 P2d 888 (1984).