Argued and submitted January 28, reversed and remanded August 21, 1985

STATE OF OREGON,
*Respondent,*

*v.*

GLEN DELL ROLES, JR.,
*Appellant.*

(83-06-1311; CA A31545)

705 P2d 227

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jeffrey Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

Defendant appeals his conviction for manufacture of a controlled substance, ORS 475.992, assigning as error the denial of his motion to suppress marijuana plants as evidence.[1] We agree and reverse and remand.

Acting on an anonymous tip that marijuana plants were growing on the roof of a residence, the Lebanon police drove by the house and saw plants about six inches high growing in containers on the roof. The officers could not tell whether the plants were marijuana. A few days later the officers contacted the owners of the residence, Mrs. Moody and her husband, a paraplegic.

Defendant had lived in the upper rooms of the Moody house for over a year under an agreement whereby he did jobs around the house in lieu of paying rent. A door leads from one of the upstairs rooms onto a flat roof over two bedrooms and the garage on the lower level of the house. Mrs. Moody testified that she had not been upstairs since defendant had started living there. Mr. Moody testified that he had not been upstairs for 10 or 12 years and that defendant had access to "everything that's upstairs."

The Moodys did not give the officers permission to search the roof. However, the officers went around the residence and, using a woodpile along one side of the house, climbed to the roof. They identified the plants as marijuana and seized them.

■ The state argues that, under *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968), this court is bound by the trial court's finding that defendant had no possessory interest in the rooftop. That so-called finding is not one of historical fact; it is, rather, a legal conclusion from the facts, and we are not bound by that conclusion if we find that the historical facts on which it is based are insufficient to support it. *State v. Warner*, 284 Or 147, 585 P2d 681 (1978).

■ The officer's testimony that he thought the plants were "in plain view" does not legitimize the warrantless

---

[1] Defendant alleges violations of his rights under the Fourth and Fourteenth Amendments to the federal constitution and Article I, section 9, of the Oregon Constitution.

seizure. The facts before us are analogous to those in *State v. Walle,* 52 Or App 963, 630 P2d 377 (1981), where officers saw marijuana plants growing on the defendant's property when they were executing a search warrant on property adjacent to the defendant's. The officers seized the plants. In holding that the evidence should have been suppressed, we discussed the "plain view" doctrine:

> "It is helpful to distinguish between two types of 'plain view.' The doctrine of plain view, as the term is most commonly used, was established in *Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564 (1971), which held that evidence may be seized without a warrant where (1) there is a prior valid intrusion, (2) the discovery is inadvertent, and (3) it is immediately apparent to the police that they have evidence before them. In this case, defendant has no standing to complain about the officer's presence on the adjacent land. *See United States v. Salvucci,* 448 US 83, 100 S Ct 2547, 65 L Ed 2d 619 (1980); *Rawlings v. Kentucky,* 448 US 98, 100 S Ct 2556, 65 L Ed 2d 633 (1980). However, the officers' viewing of marijuana plants established only probable cause to believe that the property contained contraband; it did not legitimize an entry to effect a seizure. *State v. Frink,* 42 Or App 171, 174, 600 P2d 456 (1979). '[P]lain view alone is never enough to justify the warrantless seizure of evidence.' *Coolidge v. New Hampshire, supra,* 403 US at 468. An entry to effect the seizure of contraband observed in plain view can only be made under the authority of a warrant or exigent circumstances. *State v. Frink, supra,* 42 Or App at 174." 52 Or App at 967.

Although the evidence established that the defendant did not own the property, she had lived there for over two years and considered it her home, and she had standing to contest the search. The plants were growing on her property, which is a "constitutionally protected area," and the officers were required to obtain a warrant before they could go onto the property and seize the plants.

■ ■    The marijuana plants here also were growing in a constitutionally protected area. It is undisputed that for over a year defendant had had actual and exclusive possession of the upper floor of the Moody residence. It is clear from photographs that the second floor of that residence was constructed so that the roof area accessible from the second floor could be used. A door leads from the upper floor directly onto the roof and provides the only direct access to the roof. The

flat roof area is the curtilage of defendant's dwelling. The curtilage of a dwelling is protected from unreasonable search. *State v. Jackson,* 71 Or App 76, 691 P2d 130 (1984); *State v. Ohling,* 70 Or App 249, 688 P2d 1384, *rev den* 298 Or 334 (1984). Assuming, without deciding, that the officers saw the marijuana plants from a legal vantage point, they still could not seize them without a warrant unless there were exigent circumstances. There is no claim that such circumstances existed. The evidence should have been suppressed.

Reversed and remanded for a new trial.