Argued and submitted January 30, affirmed October 30, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## BRADFORD LEE POWELL,
*Appellant.*

(C88-11-37950; CA A63044)

819 P2d 756

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Defendant appeals his conviction for being an ex-convict in possession of a firearm, ORS 166.270, and assigns error to the court's denial of his motion to suppress. We affirm.

The facts are not in dispute. Officer Corson had a warrant for defendant's arrest for a probation violation. He ran a check on defendant and found that he had an extensive history of arrests. He learned that, during a search of defendant's former residence in Clackamas County for methamphetamine, officers had found a sophisticated security system in place and had become aware defendant was carrying a revolver.

Corson arrested defendant at an apartment in Gresham. Defendant answered the officer's knock and was arrested as he was coming out of the apartment. During the arrest, other officers searched the apartment to ensure that there were no other occupants who posed a danger to their safety. They saw a gun in plain view about 20 feet from the doorway where defendant was arrested. They seized the gun, which is the evidence at issue in this appeal.

Defendant assigns as error that the court denied his motion to suppress the gun. He argues that an arrest warrant does not authorize police to enter a third party's residence to arrest a person in the absence of exigent circumstances and that the state failed to prove that the Gresham apartment was defendant's residence. He has acknowledged in this court that, if the apartment was his residence, his motion to suppress fails.[1]

There was sufficient evidence for the court to conclude that the apartment was defendant's residence. It was not in defendant's name, and Corson testified that he thought that defendant was staying with a friend. However, those facts do not decide the matter. After police had searched his

---

[1] Defendant seems to base the distinction between search of a suspect's residence and search of a third person's residence pursuant to an arrest warrant on *Steagald v. United States*, 451 US 204, 101 S Ct 1642, 68 L Ed 2d 38 (1981), and *Payton v. New York*, 445 US 573, 100 S Ct 1371, 63 L Ed 2d 639 (1980). *Steagald* held that a search warrant was necessary to enter a third person's house to arrest a guest; *Payton* held that an arrest warrant was sufficient to enter a defendant's residence.

former residence in Clackamas County, defendant began to live in the apartment where he was arrested. He had no other residence and said that he "lived there." The court did not err in concluding that the apartment was defendant's residence.

Defendant argues that the court's findings are insufficient, because they do not address this issue specifically. The court said:

> "The officer also traced [defendant], the trooper traced him from one residence to this residence. That he had left the trailer park and he had moved and this was where [the officer] was told he'd gone and this was where he found him.
>
> "So I'm denying the motion."

The court's finding on the residence issue is sufficiently specific, even without the presumption that the court resolved all disputed factual issues in favor of its conclusion. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968).

Affirmed.