Argued and submitted October 2, 1992, affirmed October 20, 1993

# STATE OF OREGON,
### *Respondent,*
#### *v.*
# GEORGE ALEXANDER McFAUL,
### *Appellant.*
## (C90-12-37164; CA A72302)

860 P2d 914

Wayne Mackeson argued the cause for appellant. With him on the brief was Des Connall, P.C.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant appeals his conviction, following a stipulated facts trial, of manufacture and possession of marijuana. ORS 475.992. We affirm.

The Multnomah County Sheriff's office executed a search warrant for defendant's home and person. Deputies found a marijuana growing operation in the basement and evidence of the operation throughout the house. Defendant assigns error to the court's denial of his motion to suppress evidence seized in his home. He argues that the officers' conduct when executing the search warrant violated ORS 133.575(2), which provides:

> "The executing officer shall, before entering the premises, give appropriate notice of the identity, authority and purpose of the officer to the person to be searched, or to the person in apparent control of the premises to be searched, as the case may be."

The trial court found that defendant answered the door after Deputy Blackman knocked and that "it appeared that defendant attempted to close the front door, and was pulled from the house by Deputy Blackman." Defendant disputes the finding that he attempted to shut the door. The court did not specifically find that the officers announced their identity, authority and purpose before entering, but concluded that "the deputies properly executed the search warrant." We must presume that the court decided material factual disputes in the manner consistent with its ultimate conclusion. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). There is evidence to support those implicit findings. Blackman testified that he showed his badge and announced that he had a search warrant before defendant tried to shut the door. Under those circumstances, he was not required to announce that he wished to execute the warrant. *State v. Bost*, 317 Or 538, 543, 857 P2d 132 (1993). Because the deputies did not violate ORS 133.575(2), we do not address defendant's additional claim that the deputies committed an aggravated violation. The court correctly denied the motion to suppress.

Defendant also argues the court erred in denying his motion for judgment of acquittal. He argues that the evidence

was not sufficient to convict him of manufacture and possession of a controlled substance. The evidence was sufficient.

Affirmed.