## STATE OF OREGON,
*Appellant,*

*v.*

## DEREK ZAKEE RASHEED,
*Respondent.*

(C92-08-34922; CA A78707)

876 P2d 859

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Jesse Wm. Barton, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Deits, Presiding Judge, Richardson, Chief Judge, and Riggs, Judge.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant is charged with delivery and possession of a controlled substance, cocaine. ORS 475.992. The state appeals a pretrial order suppressing evidence seized from defendant's person and his car following his arrest. The issue is whether the police had probable cause to arrest defendant without a warrant and search him incident to the arrest. We reverse and remand.

We summarize the facts as found by the trial court and that are supported by the evidence. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). Officer Schmautz, an experienced narcotics investigator, became aware of defendant's drug activity through a paid confidential informant. The informant had been working with police for over a year and had helped produce at least ten confirmed purchases of cocaine, three search warrants and an unspecified number of arrests. The informant had also provided Schmautz with information about drug trafficking practices that Schmautz independently knew to be accurate.

In the 14 days before defendant's arrest, the informant discussed what the informant knew about defendant with Schmautz. The informant knew defendant by name, knew where he lived and described defendant's car, including the fact that it had Michigan license plates. The informant showed Schmautz where defendant lived and stated that the informant had seen defendant in possession of cocaine and had seen him selling cocaine in the Portland area on at least five occasions during the last 30 days. The informant told Schmautz that defendant used a pager to arrange drug sales, the sales occurred at the buyer's residence and defendant transported the drugs in film canisters.

On the day of defendant's arrest, the informant telephoned Schmautz with information regarding defendant. The informant overheard a telephone conversation in which defendant said he had cocaine and that he would be leaving at a specified time that afternoon with the drugs to make a sale. Schmautz went to defendant's residence and at the specified time, saw defendant get into the vehicle with Michigan license plates previously described by the informant. Schmautz concluded that he had probable cause to arrest defendant and

requested a patrol unit to stop him. Defendant was stopped, taken into custody and advised of his constitutional rights. Police officers searched defendant and found a pager on his belt. On the front seat of the car they found a film canister; they opened it and saw what later was determined to be cocaine.

The state agrees that the search was lawful only as a search incident to a lawful arrest. ORS 133.310(1) provides that an officer may arrest a person without a warrant if the officer has probable cause to believe that person has committed a crime.[1] Probable cause exists if there is a "substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." ORS 131.005(11). The trial court concluded that although the informant was credible because of the information given in the past, there was not an objective basis for believing that defendant had committed a crime, because the information provided by the informant had not been independently corroborated.

In evaluating information supplied by an unnamed informant in situations not involving a warrant, we consider the totality of the circumstances, including the reliability and basis of knowledge of the informant. *State v. Koester*, 117 Or App 139, 143, 843 P2d 968 (1992), *rev den* 315 Or 644 (1993). Corroboration of the information provided by an informant may be one means used to establish that an informant's information is reliable; however, it is not necessary to establish reliability. As in the warrant context, the reliability of an unnamed informant may be determined by facts showing that the informant is credible *or* that the informant's information is reliable. *See State v. Alvarez*, 308 Or 143, 147, 776 P2d 1283 (1989).

An unnamed informant is credible if the informant has a demonstrated history of providing truthful information to the police. *State v. Alvarez, supra.* The informant who provided the information regarding defendant was credible.

---

[1] ORS 133.310 was amended by the 1993 legislature in ways that do not affect this case. *See* Or Laws 1993, ch 626, § 10; Or Laws 1993, ch 731, § 3.

He had a proven track record of supplying helpful information to the police and was knowledgeable about drug trafficking in the area. Because the informant was credible, we can accept what was told to the officer as reliable, *i.e.*, truthful information. That information provided probable cause to arrest defendant.

The informant provided Schmautz with detailed information regarding defendant, his drug activities, his residence and his vehicle. On the day of defendant's arrest, the informant overheard a telephone conversation in which defendant said he had cocaine and that he would be leaving at a specific time that afternoon with the drugs to make a sale. The officer saw defendant leaving at the specified time in the vehicle previously described by informant as defendant's. Considering the totality of the circumstances, there was a substantial objective basis for believing that defendant had drugs in his possession. Defendant's warrantless arrest was proper under ORS 133.310(1). *State v. Koester, supra.* It was also proper under Article I, section 9, of the Oregon Constitution, which requires that the officer's subjective belief that a crime has been committed is objectively reasonable under the circumstances. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986).[2]

Defendant argues, in addition, that the state did not establish probable cause for the arrest under the Fourth Amendment to the United States Constitution. For the same reasons discussed above, we conclude that probable cause did exist. *See Alabama v. White*, 496 US 325, 110 S Ct 2412, 110 L Ed 2d 301 (1990); *Illinois v. Gates*, 462 US 213, 103 S Ct 2317, 76 L Ed 2d 527 (1983). The trial court erred in suppressing evidence seized incident to defendant's lawful arrest.[3]

Reversed and remanded.

---

[2] Defendant does not challenge the trial court's conclusion that Schmautz subjectively believed that defendant had committed a crime.

[3] Defendant does not otherwise challenge the lawfulness of the search of his person or car.