Argued and submitted March 27, reversed and remanded for new trial
May 15, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## SAMUEL ANDREW JONES,
*Appellant.*

(C9406-33808; CA A86684)

918 P2d 111

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992. He argues that the trial court erred in denying his motion to suppress. We reverse.

On June 12, 1994, two police officers were driving in a marked police car in the Portland area. They observed that defendant was riding as a passenger in a Chevrolet Corvette, that he was not wearing a safety belt, and that the car did not have a front license plate. The officers stopped the Corvette. Before the officers left their car, defendant opened his door and headed toward a house along the street. One of the officers called out to defendant and asked to speak with him. Defendant turned around, and the officer explained that he had stopped him because he had seen that defendant had not been wearing a safety belt in the car. While talking to defendant, the officer noticed old needle marks on defendant's arms and asked if he had been arrested previously. Defendant replied affirmatively. The officer asked defendant if he had any drugs on him, and defendant replied that he did not. The officer then asked defendant if he could search him, to which defendant consented. The officer found a plastic baggie of cocaine in defendant's pocket and arrested him for possession of a controlled substance.

Before trial, defendant moved to suppress all evidence that the state intended to introduce against him at trial. The trial court denied his motion, ruling that the officer could properly request consent to search defendant. Defendant appeals from the resulting conviction.

On review, we will not disturb the trial court's historical factual findings if the evidence supports those findings. However, we review the trial court's ultimate conclusion about the propriety of the search as a question of law. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). Defendant argues that the officer exceeded the scope of inquiry permitted in the course of a traffic stop when he asked defendant for consent to search for drugs. He contends that under ORS 810.410,[1] the officer had authority only to investigate the

---

[1] ORS 810.410 provides, in part:

safety belt infraction. The state counters that the stop of the car in which defendant was riding did not constitute a "stop" of defendant and that ORS 810.410 is inapplicable.[2]

The state's argument is not persuasive. The officer testified that he stopped the car because defendant was not wearing a safety belt. Under ORS 811.210(1)(c),[3] a passenger's failure to wear a safety belt constitutes a traffic violation by the passenger. Consequently, ORS 810.410 controls this case, and pursuant to our recent holding in *State v. Aguilar*, 139 Or App 175, 912 P2d 379 (1996), the officer's request for consent to search was impermissible. The trial court erred in denying the motion to suppress.

Reversed and remanded for new trial.

---

"(3) A police officer:

"* * * * *

"(b) May stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

[2] The state relies on our holding in *State v. Woods*, 134 Or App 53, 894 P2d 511, *rev den* 321 Or 340 (1995), in which we held that a police officer who had pulled a car over for a traffic violation did not "stop" the defendant, a passenger in the car, when he asked him to get out of the car after the driver had been arrested. However, the facts in that case are inapposite. In *Woods*, the officer pulled over the car for the *driver's* traffic infraction. In this case, the passenger committed the traffic infraction.

[3] ORS 811.210(1)(c) provides, in part:

"(1) A person commits the offense of failure to use safety belts if the person:

"* * * * *

"(c) Is a passenger in a motor vehicle on the highways of this state who is 16 years of age or older and who is not properly secured with a safety belt or safety harness as required by subsection (2) of this section."