963 P.2d 728 (1998)
155 Or. App. 227
STATE of Oregon, Respondent,
v.
Jaime Amade HERRERASORROSA, Appellant.
96CR-0342; CA A93755.
Court of Appeals of Oregon.
On Appellant's Petition for Reconsideration June 3, 1998.
Decided July 15, 1998.
Diane L. Alessi, Interim Public Defender, for petition.
Before De MUNIZ, P.J., DEITS, C.J.[*], and HASELTON, J.
On Appellant's Petition for Reconsideration June 3, 1998.
HASELTON, Judge.
Defendant petitions for reconsideration, ORAP 6.25, asserting that the following portion of our original opinion is erroneous:
"Here, the evidence was disputed, or at least unclear, as to whether officer Benz told Colton that he had committed a traffic infraction. Given that evidence, which permitted the trial court to find that Benz did not `announce to [Colton] that he * * * had broken the law in the officer's presence,' [State v. Terhear/Goemmel, 142 Or. App. 450, 458, 923 P.2d 641 (1996)], we assume that the court resolved that matter consistently with its ultimate conclusion that there was no stop. Ball v. Gladden, 250 Or. 485, 487, 443 P.2d 621 (1968). Accordingly, because the factual predicate for our analysis in Terhear did not occur here, there was no traffic stop. ORS 810.410 is inapposite." 154 Or.App. at 34, 959 P.2d 619.
Defendant contends, particularly, that the trial court never considered a Terhear-based analysis and, specifically, never considered the issue of whether, or when, officer Benz *729 told the driver, Colton, that he had committed a traffic infraction. Rather, the trial court's determination that no traffic stop had occurred was based solely on its conclusion that there could be no stop because Colton "had stopped the vehicle of his own accord." Thus, defendant reasons, our invocation of Ball v. Gladden, and our consequent determination that the trial court implicitly found the facts to be materially distinguishable from those in Terhear, was erroneous.
On reconsideration, we agree. Although we adhere to the balance of our opinion, defendant is correct that we cannot infer that the trial court resolved disputed facts consistently with an analysis that it never consideredand could not have consideredbecause Terhear was subsequently decided. Accordingly, we remand to the trial court with instructions to vacate the judgment of conviction pending its determination of two questions: (1) Did Benz or any other officer tell Colton that he had committed a traffic infraction? (2) If so, did that statement occur before Officer Foster asked defendant if he would consent to a search of his shirt pocket? If the court answers both questions "yes," the denial of defendant's petition to suppress was erroneous, and defendant is entitled to a new trial. If the court answers either question "no," the judgment of conviction shall be reinstated.
Petition for reconsideration allowed. Prior opinion adhered to except as stated herein; reversed and remanded for further proceedings consistent with this opinion.
NOTES
[*] Deits, C.J., vice Rossman, S.J.