Argued and submitted September 27, 2001, affirmed February 13, 2002

STATE OF OREGON,
*Respondent,*

*v.*

DAVID MATHEW FORRISTER,
*Appellant.*

9811-39423; A106020

40 P3d 571

Shawn Wiley, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

Defendant appeals from a judgment of conviction for possession of controlled substances and unlawful possession of a firearm. He argues that the trial court should have suppressed evidence obtained as a result of a warrantless search of his car. He reasons that, because his car was no longer mobile, the court erred in ruling that the search came within the automobile exception. We affirm.

In November 1998, Officer Kenneth Yohe stopped defendant's car because its license plate light had burned out.[1] When Yohe approached the car, he noticed a very strong odor of marijuana coming from the car. Yohe told defendant that he thought he smelled marijuana. Defendant responded that "he didn't know why [Yohe] was smelling that."

Yohe asked defendant for his license, registration, and proof of insurance. Defendant said that he did not have an Oregon driver's license but that he had a Texas license. He could not produce that license, however, and gave Yohe his social security card instead. Yohe checked but could not find any license in defendant's name in Texas. He did, however, find a driver's license in defendant's name in Oregon. When asked about the Oregon license, defendant maintained that he did not have an Oregon license. At that time, Yohe decided to arrest defendant for failure to produce a driver's license.

A second officer arrived on the scene, and Yohe asked him whether he could smell marijuana coming from defendant's car. When that officer said that he could, the two officers removed defendant from his car, placed him in handcuffs, and put him in the patrol car. Yohe then searched defendant's car.[2] At trial, the following colloquy occurred:

"Q. Officer [Yohe], at the time that you conducted this search of the black bag within my client's vehicle, my client was in custody in the back of your car, right?

---

[1] Defendant was the only person in the car.

[2] Construing the evidence consistently with the trial court's ruling, the arrest and the search occurred approximately 30 minutes after Yohe stopped defendant. Yohe testified that one and a half to two hours passed between the time he stopped defendant and the time he took defendant to be booked.

"A. Yes, he was.

"Q. And the plan was to tow the vehicle for no insurance, right?

"A. I was going to cite [defendant] for Driving While Suspended and the no insurance, yes.

"Q. The vehicle was going to be towed, right?

"A. Yes."

During their search, the officers found small bags that contained marijuana, two larger bags of marijuana, a pipe, a bag of screens, rolling papers, an electronic scale, a cell phone, and a handgun. While searching defendant's wallet for identification, the officers also found LSD. Based on that evidence, the state charged defendant with possession of controlled substances and unlawful possession of a firearm.

Before trial, defendant moved to suppress the evidence gained as a result of the warrantless search of his car. He argued that the search did not come within the automobile exception to the warrant requirement.[3] *See State v. Brown*, 301 Or 268, 721 P2d 1357 (1986) (recognizing an automobile exception to the warrant requirement under Article I, section 9, of the Oregon Constitution). Defendant did not dispute that his car was mobile when the officers stopped it, nor did he dispute that the stop was lawful. Rather, relying on *State v. Kruchek*, 156 Or App 617, 969 P2d 386 (1998), *aff'd by an equally divided court* 331 Or 664, 20 P3d 180 (2001), defendant argued that his car was no longer mobile when the officers searched it because he was under arrest and the officers planned to tow his car. Consequently, defendant argued, no exigency existed that would permit the officers to dispense with the warrant requirement. The trial court denied defendant's motion to suppress, holding that the search came within the automobile exception.[4]

---

[3] There was also a question whether defendant had consented to the search. However, the resolution of that question turns on disputed factual issues. It is not clear whether the trial court reached the question of consent and thus resolved the underlying factual dispute on that issue.

[4] Defendant waived his right to a jury trial, and the parties submitted the case on stipulated facts. The court found defendant guilty on all charges and sentenced him to probation.

■    On appeal, defendant renews his argument that the search did not come within the automobile exception because he was under arrest and the officers planned to tow his car when they searched it. The state responds that defendant's car was mobile when the officers stopped it and that the exigency arising from the car's mobility continued until the officers actually impounded the car. Because the officers searched defendant's car before they impounded it, the state concludes that the automobile exception permitted the search.

■    In *Brown*, the Supreme Court held that

> "probable cause to believe that a lawfully stopped automobile which was mobile at the time of the stop contains contraband or crime evidence justifies an immediate warrantless search of the entire automobile for the object of the search, despite the absence of any additional exigent circumstances."

301 Or at 277. In explaining the nature of the exigency needed to justify a search under the automobile exception, the court emphasized that the key to the exception is that the "automobile need be mobile at the time it is lawfully stopped. No exigent circumstances other than the mobility of the stopped vehicle need be demonstrated." *Id.* at 276.[5]

The exigency created by a car's mobility does not continue forever, and we accordingly held in *Kruchek* that, once the police impounded the defendant's van, any exigency created by the van's mobility was extinguished. 156 Or App at 624. We did not have occasion in *Kruchek* to decide whether lesser restrictions on mobility would also limit the scope of the automobile exception. We recently addressed that question, however, in *State v. Getzelman*, 178 Or App 591, 39 P3d 195 (2002). The defendant in *Getzelman* argued that, under *Kruchek*, the basis for the automobile exception ceased once the police "secured" his car. We did not read *Kruchek* that broadly. Rather, summarizing the cases following

---

[5] Under *Brown*, two facts must be present to justify a search under the automobile exception: (1) the car must be mobile at the time it was stopped by the police and (2) the police must have probable cause to believe that the car contains contraband or evidence of a crime. As noted, defendant does not dispute that both factors were present here.

*Kruchek,* we held that the exigency was extinguished when the car was actually impounded or when arrangements to tow the car had been made. *Getzelman,* 178 Or App at 601. We reasoned:

> "[A] vehicle that was mobile when stopped is no longer merely stopped once impoundment has occurred in accordance with established police procedures. Viewed in that light, *Kruchek* does not offend the aim of clarity underlying the *per se* nature of the automobile exception. * * * Unlike in *Kruchek,* there is no evidence that, when the search of defendant's backpack occurred, the car was impounded or that the investigating officers had arranged for it to be towed. Because the stop of [the car] had not been converted to an impoundment, the mobility requirement of the automobile exception was satisfied."

*Id.* (emphasis omitted).

■    The question whether a car had been impounded or whether the officers had arranged for it to be towed before they searched it is a factual question for the trial court. We are bound by the trial court's explicit and implicit factual findings on that question as long as there is evidence in the record to support them. *State v. Juarez-Godinez,* 326 Or 1, 7, 942 P2d 772 (1997); *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968). There is sufficient evidence here. As noted, Yohe testified that, when he searched defendant's car, he *"was going* to cite [defendant] for Driving While Suspended and the no insurance." (Emphasis added.) Similarly, he agreed that "[t]he vehicle *was going* to be towed." (Emphasis added.) Both statements look to the future. They show what Yohe was planning to do, not what he had already done, or at least the trial court could draw that inference. *See id.*[6] The fact that Yohe planned to cite defendant in the future or tow his car at some later point does not mean that he had either impounded the car or "had arranged for it to be towed" before he searched it. *Getzelman,* 178 Or App at 601. Because the exigency had not expired, the trial court did not err in denying defendant's motion to suppress.

Affirmed.

---

[6] That inference is also supported by the fact that the search occurred fairly early on in what turned out to be a seizure of one and a half to two hours. *See* 179 Or App at 518 n 2.