Argued and submitted October 27, 2020, affirmed May 11, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM JACK PARKERSON,
*Defendant-Appellant.*

Klamath County Circuit Court
16CR67985; A166232

511 P3d 25

Defendant appeals a judgment of conviction for first-degree assault, for which he received a 30-year indeterminate dangerous offender sentence. ORS 161.725. On appeal, he argues that the trial court erred in imposing a determinate portion of the dangerous offender sentence of 260 months. He also argues that the trial court erred when, at the dangerous offender hearing, it considered a redacted version of a presentence investigation report (PSI) and psychological evaluation that had been prepared and used by the state in sentencing him as a dangerous offender on earlier convictions. Additionally, defendant argues that the court's reliance upon the redacted documents and the corresponding testimony of the authors who drafted them violated ORS 161.735(4), a provision of the dangerous offender statute which prohibits a court in another proceeding from relying on any "statement made by defendant" in a previous dangerous offender hearing. *Held*: The trial court did not err. The 260-month portion of the 30-year dangerous offender sentence was within the court's discretion under the applicable statutes. Additionally, nothing in the dangerous offender statute prohibited the trial court from considering a redacted version of a previous psychological evaluation and PSI. Lastly, because the documents had been redacted, and because defendant failed to create a record to support his argument that the authors of the documents could not have formed their opinions without reliance upon defendant's prior statements, the trial court did not violate ORS 161.735(4) when it admitted the disputed reports and testimony.

Affirmed.

Andrea M. Janney, Judge.

Stephanie J. Hortsch, Deputy Public Defender, argued the cause for appellant. Also on the opening brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. William Jack Parkerson filed the supplemental briefs *pro se*.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F.

Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Aoyagi, Judge.*

EGAN, J.

Affirmed.

_____

* Egan, J., *vice* Armstrong, S. J.

**EGAN, J.**

Defendant appeals a judgment of conviction for first-degree assault after a unanimous jury verdict, for which he received a 30-year indeterminate dangerous offender sentence. ORS 161.725. He raises seven assignments of error as well as a *pro se* supplemental assignment of error. We reject defendant's *pro se* supplemental assignment of error without discussion.

In his sixth assignment of error, defendant contends that the trial court erred in imposing a determinate portion of the dangerous offender sentence of 260 months, which is twice the presumptive maximum sentence of 130 months under grid block 10-A of the sentencing guidelines but exceeds the general limitation of 20 years for indeterminate sentences for Class A felonies as set forth in ORS 161.605. Defendant contends that OAR 213-008-0003(2) (guideline provision stating that, "[i]n no case may the sentence exceed the statutory maximum indeterminate sentence described in ORS 161.605") and *State v. Worth*, 274 Or App 1, 34, 360 P3d 536 (2015), *rev den*, 359 Or 667 (2016) (stating, "the determinate portion of a dangerous offender sentence can now exceed the presumptive term to the same extent as an ordinary departure sentence if the trial court exercises its enhancement discretion under the amended ORS 161.737(2)"), limit the maximum determinate portion of the sentence to the 20-year maximum indeterminate sentence for a Class A felony set forth in ORS 161.605. We reject defendant's contention. ORS 161.725(1) provides that the "indeterminate sentence of imprisonment for a dangerous offender is 30 years." OAR 213-008-0003(2) does not apply to dangerous offender sentences, *see* OAR 213-008-0003(3) (so noting), and *Worth* involved specific rules concerning the imposition of consecutive sentences that are not in play in this case; its analysis was specific to those rules. Here, the 260-month portion of the 30-year dangerous offender sentence imposed, was within the court's discretion under the applicable statutes. *See* ORS 161.737(2) (indeterminate 30-year dangerous offender sentence imposed pursuant to ORS 161.725 includes a "required incarceration term" that is "no more than twice the maximum [guidelines] incarceration term").

In his seventh assignment of error, defendant argues that the trial court erred in instructing the jury that it could return a nonunanimous verdict. Defendant is correct that the trial court erred, but because defendant was convicted by a unanimous verdict, the error does not require reversal. *State v. Flores Ramos*, 367 Or 292, 294, 478 P3d 515 (2020) (holding that error in instructing the jury that it could return nonunanimous guilty verdicts did not require reversal of convictions rendered by unanimous guilty verdicts).

In defendant's first through fourth assignments, he challenges the trial court's admission of a presentence investigation report (PSI) and psychological evaluation that had been prepared and used by the state in defendant's sentencing on earlier convictions. He asserts that, by admitting those reports and the corresponding testimony of their authors, the court violated ORS 161.735(4) and also violated defendant's right against self-incrimination under Article I, section 12, of the Oregon Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In his fifth assignment, defendant contends that without the erroneously admitted material the record is insufficient to make the dangerous offender determination.

The state responds that the court did not err, because the admitted information was redacted of defendant's statements, and because no new information that could have been gathered would have substantially changed the conclusions drawn in the admitted evidence. We agree with the state and, accordingly, affirm.

We are bound by the trial court's express and implicit factual findings, so long as evidence in the record supports them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). In the absence of specific factual findings, this court presumes that the trial court made factual findings consistent with its legal conclusions. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968).

Before trial in this case, defendant was convicted of attempted aggravated murder and first-degree assault with a firearm, for shooting a police officer in the face approximately two weeks after the event giving rise to the assault charge in this case. *See State v. Parkerson*, 310 Or App 271,

273, 484 P3d 356 (2021), *rev den*, 369 Or 505 (2022) (affirming defendant's convictions for attempted aggravated murder with a firearm and first-degree assault with a firearm). The state sought a dangerous offender sentence in that case, and the trial court ordered a psychological evaluation and PSI pursuant to ORS 161.735. Defendant participated in the evaluation, but not the PSI. Ultimately, the court concluded that defendant was a dangerous offender and sentenced him in accordance with ORS 161.737.[1]

Approximately four months after his conviction and sentencing for attempted aggravated murder and first-degree assault, defendant was indicted for the assault for which he was convicted in this case. The indictment alleged that defendant "did unlawfully and intentionally cause serious physical injury to [victim] by means of a sharp/bladed instrument, a dangerous weapon."

After defendant's conviction in this case, the state again sought a dangerous offender sentence, and the court ordered another psychological evaluation and PSI. However, defendant declined to participate. Thus, the court used the psychological evaluation and PSI from defendant's sentencing on the earlier convictions, which had been prepared less than one year before.

At the dangerous offender hearing, the court considered a redacted version of the psychological evaluation that had been prepared and submitted in the earlier case, as well as the testimony of Phillips, who had made the evaluation and prepared the report. Defendant objected, arguing that under ORS 161.735(1), the court was required to order a new psychological evaluation and a new PSI.[2] Defendant also argued that under ORS 161.735(4), the court was prohibited from using a psychological evaluation drawn, in part, from

---

[1] ORS 161.737(1) provides, in relevant part, "A sentence imposed under ORS 161.725 and 161.735 * * * shall constitute a departure from the sentencing guidelines * * *. The findings made to classify the defendant as a dangerous offender under ORS 161.725 and 161.735 shall constitute substantial and compelling reasons to depart from the presumptive sentence[.]"

[2] ORS 161.735(1) provides, in relevant part, "Upon motion of the district attorney, and if, in the opinion of the court, there is reason to believe that the defendant falls within ORS 161.725, the court shall order a presentence investigation and an examination by a psychiatrist or psychologist."

previous interviews with defendant and other self-reported information.[3] The state responded that Phillips, the psychologist who had prepared the earlier evaluation, could offer an opinion based on information that was properly admissible, excluding any statements or self-reported information by defendant. The court agreed, reasoning:

> "[A]lthough a new psychological evaluation was ordered, the Defendant refused to participate in one. The psychological evaluation that was done before not as to [defendant's] statements but the other 1,800 pages of discovery that [the state] talked about is identical to the information that would essentially be used for the new evaluation, there's no substantive changes. It is the very exact same information that would be used to make the new report, minus [defendant's] statements. The Court does find that because this is a new evaluation and [defendant] chose not to participate, those statements cannot be used and will not be used in this new evaluation and cannot be considered by the Court or in the doctor's opinion should she testify as to one. *** So I will defer further ruling on her testimony *** but at this particular point the Court will admit the psyche eval minus any statements made by [defendant], and an opinion of the doctor only based on if she's able to give one without any consideration to [defendant's] prior statements."

The court also considered the PSI from the earlier proceeding and the testimony of Edson, the psychologist who had prepared it. Defendant objected to the admission of the PSI and Edson's testimony, stating that "the Court shouldn't consider this presentence investigation from the previous case because there was not a new one done and there should have been a new one done in this case as well." The court overruled the objection, stating, "the same reasoning applies" here as to the psychological evaluation. Although defendant objected to the admission of the PSI, he conceded that it had been redacted to remove references to defendant's statements and self-reported information.

Phillips testified that despite defendant's failure to participate in a second psychological evaluation, she could

---

[3] ORS 161.735(4) states, "No statement made by a defendant under this section or ORS 137.124 or 423.090 shall be used against the defendant in any civil proceeding or in any other criminal proceeding."

make a diagnosis "solely based upon the records if the records are comprehensive enough." She stated that her initial evaluation of defendant had included his self-report, but she removed that material and based her evaluation solely upon the discovery, the Department of Corrections (DOC) records, the rescoring of the psychological tests absent defendant's self-report, the information about his prior attempted murder and assault conviction, and the information about his conviction in the current case. Based on that material, Phillips testified that it was her opinion that defendant met "the diagnostic criteria for antisocial personality disorder."

Edson testified that he did not prepare a new PSI for this case. However, he testified that he could draft a PSI without defendant's participation, by using "proxy data"—a reference to the offender's age at the time of the charged offense, his number of prior arrests, and his age at the time of his first arrest.

The trial court made the following findings:

"[T]he Court does find deliberate cruelty to the victim, overwhelming evidence at trial. The Court does find persistent involvement in similar offenses. [Similar] offense[s] being assaultive behavior, [from] *** around the age of 15 which then continued into assaultive behaviors consistently; not only convictions but then assaultive behaviors while incarcerated ***. There was permanent injury to the victim in this case, there was harm to the victim greater than typical; I do find that there was evidence based on the testimony of the witnesses at trial that the Defendant showed a lack of remorse. *** [I]t is clear that the Defendant demonstrated a complete disregard for the laws. And the Court absolutely finds, based on all the evidence, that incarceration is necessary for public safety.

"*****

"The Court does make the finding that based on Dr. Phillips' diagnosis that the Defendant suffers from antisocial personality disorder. *** And in this case, separate and distinct even from Dr. Phillips' testimony and evaluation, the Court finds that the evidence is overwhelming *** based on the exhibits provided and the testimony before the Court that the Defendant shows a severe

personality disorder that is causing a danger to the public. There's absolutely propensity towards crimes that seriously endanger the life and safety of another. In fact, the Court finds beyond a reasonable doubt that [defendant] is likely to be involved in future criminal behavior that threatens the safety and lives of all that he comes to meet, which is why the extended period of time in a correctional facility is required for the protection of the public."

The court sentenced defendant as a dangerous offender.

On appeal, defendant renews his objections. He argues that the trial court erred when it admitted the redacted psychological evaluation, the PSI that had been prepared for defendant's sentencing in the earlier case, and the testimony of the experts who had prepared them. The state responds that the court did not err in admitting the documents or taking testimony from the state's experts.

We review for legal error whether a trial court properly applied the provisions of the dangerous offender statute. *State v. Huntley*, 302 Or 418, 422, 730 P2d 1234 (1986). We review the trial court's evidentiary ruling for errors of law. *State v. Arellano*, 149 Or App 86, 90, 941 P2d 1089 (1997), *rev dismissed*, 327 Or 555 (1998).

We first address defendant's argument that the trial court violated ORS 161.735(1) when it relied on material from the psychological evaluation and PSI that had been used in the sentencing of defendant's prior convictions rather than requiring a new evaluation and PSI. Defendant concedes that the court ordered an evaluation and PSI. However, he argues that a new PSI and evaluation were required, rather than the court relying upon redacted versions from the prior prosecution. We disagree.

Whether a defendant "comes within *** ORS 161.735 is a question of fact to be determined by the court upon consideration of the presentence report, the psychiatric report, the evidence in the case or any evidence produced at the presentence hearing." *State v. Nickell*, 302 Or 439, 443, 730 P2d 1246 (1986). Thus, when a "court makes the [necessary] findings, *** the prerequisites for the enhanced penalty

are met" so long as they are supported by the facts and the law. *Id*.

Defendant argues that the court was required to obtain a new presentence report and psychological evaluation to make its ultimate findings. In doing so, defendant relies on *Huntley* for the proposition that without his participation in a new PSI and psychological evaluation, the court could not conclude he was a dangerous offender.

*Huntley* does not help defendant. In that case, the trial court considered what the court is to do when a defendant participates in a dangerous offender evaluation. The court said that ORS 161.735 requires the court to make "careful and complete findings." *Id*. at 437. The court set forth the findings that a sentencing court must make in determining whether a person is a dangerous offender:

> "[F]or a sentencing judge to apply ORS 161.725 and 161.735 to a defendant, the judge must first declare that he has reason to believe that because of the dangerousness of the defendant an extended period of confinement is required for the protection of the public and make appropriate findings on the record to justify that belief. The judge must also find the defendant is being sentenced for a Class A felony or a felony that seriously endangered the life or safety of another and has been previously convicted of a felony not related to the instant crime as a single criminal episode.

> "After making these findings, the judge must order a presentence report and psychiatric examination of the defendant. The judge should not merely make a general referral; rather, the judge should specify whatever clues or questions he or she has. If some element in the crime or some facet of the defendant's history puzzles the judge, he or she should make his query specific. Details of the crime should be made known to the psychiatrist, and whatever denial of the facts is made by the defendant should also be presented. After receiving these reports, the judge then must conduct a presentence hearing unless waived by the defendant. At the hearing the judge must consider the presentence report, the psychiatric report, and the evidence in the case or evidence presented at the presentence hearing. The court then must make findings whether (1) the defendant is dangerous, (2) because of the dangerousness of the

defendant an extended period of confinement is required for the protection of the public, and (3) the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity."

*Id.* at 437-38. *Huntley* does require the court to "consider the presentence report, the psychiatric report, and the evidence in the case or evidence presented at the presentence hearing." *Id.* But it does not mandate a new report or PSI in every case.

Instructive on that issue is *State v. Odoms*, 117 Or App 1, 844 P2d 217 (1992), *rev den*, 316 Or 529 (1993). In that case, the trial court made findings as required by *Huntley* in determining that the defendant was a dangerous offender. The defendant argued that those findings were not supported by the record, because he had refused to participate in the psychological evaluation. *Id.* at 7. As a result of the defendant's refusal to participate, the state's expert had not evaluated him since 1980—12 years earlier. *Id.* Thus, the expert's opinion was based upon the defendant's prior convictions and police reports. *Id.* We rejected the defendant's argument that the record was insufficient, noting that "[a]lthough the sentencing court must consider the report, it is not bound by the expert's evaluation. Even if all the report discloses is that the defendant was uncooperative and that a psychiatric analysis could not be made, that does not render the report insufficient for purposes of ORS 161.735." *Id.* (citations omitted). We concluded that the court did not err when it considered the prior evaluation as one of many pieces of evidence in the presentence hearing, and that the ultimate determination was supported by the evidence in the record. *Id.* at 8; *see also State v. Smith*, 66 Or App 374, 385, 675 P2d 1060 (1984) (concluding that a dangerous offender determination may stand on its own, even absent psychiatric evidence, if supported by ample evidence in the record).

Similarly here, in the absence of defendant's willingness to cooperate with a new evaluation, there was nothing in ORS 161.735(1) that prohibited the court from receiving the redacted psychological evaluation and the previous PSI that had been prepared less than one year before.

Finally, ORS 161.735(4) prohibits a court in another proceeding from relying on any "statement made by a defendant under this section." Defendant contends that, even with statements redacted from the psychological report, the trial court violated ORS 161.735(4) when it admitted materials from the prior psychological evaluation, the PSI, and the corresponding testimony of the state's experts. Phillips testified that she had redacted all of defendant's statements before making her psychological evaluation in this case. Although defendant argued below that the witnesses could not have formed their opinions without reliance on defendant's prior statements, defendant did not create a record in support of that argument by, for example, cross-examining the witnesses to determine how they could have formed their opinions without defendant's statements. We therefore reject defendant's contention. The trial court did not err in admitting the disputed reports and testimony.

Affirmed.